## JACOB BORNEMAN, *Adm'r vs.* CHARLES SIDLINGER *& al.*

If a note against a third person, with a mortgage given to secure its payment, passed from the intestate to donees as a *donatio causa mortis*, the administrator can be but a mere nominal party to a suit upon the mortgage, and has no right to interpose, but for the benefit of the donees and at their request. And if he bring a suit, the Court has power to restrain him from prosecuting it, although the note may be justly due. And if the interest in the note and mortgage be found to be in the donees, and they repudiate the suit, the Court would not suffer it to be prosecuted by a mere nominal party.

If, therefore, this defence be set up, as it must necessarily be made for the benefit of the donees, they are not competent *witnesses for the tenant.*

THIS action was originally tried in the Court of Common Pleas, and came before this Court on exceptions to the ruling of the Judge of that Court. The case on the exceptions, is reported in 15 *Maine Rep.* 429. At the trial in this Court before EMERY J., the tenants, for the purpose of proving that the intestate gave the

note and mortgage to his daughters and their representatives, as a *donatio causa mortis*, and delivered the same over for their use, called *John Welt, Christian Schweir* and *Archibald Robinson*, the husbands of the surviving alleged donees, and offered the deposition of a daughter of one of the alleged donees, who had deceased. The plaintiff objected to their admission, but the objection was overruled, and they were received to testify. Evidence was offered to the jury by each party, tending to prove or to disprove, that the intestate gave the note and mortgage to his surviving daughters, and the children of a deceased daughter, as a *donatio causa mortis*. The special plea of the tenants by brief statement, stated, that the note and mortgage were given, as before mentioned, and "that said donees accepted said gift, and that the defendants assented thereto, and made payments to the several donees in part payment of said note and extinguishment of said mortgage."

One of several requests for instruction by the counsel for the demandants was, that if the jury found any thing due on the mortgage and note, the demandant was entitled to a verdict in this action, as against the tenants, even though they should find that the mortgagee gave the note and mortgage, *causa mortis,* to other persons than the defendants, as they contend.

The Judge did not give the instructions precisely as requested, but did instruct the jury, that if from the evidence they were satisfied that the said intestate in his lifetime, while of sane mind and memory, in his last sickness, and in view and contemplation of his death, did give and deliver to the said *Sally Sidlinger* said note and mortgage, to be by her equally divided to the said deceased's daughters living, and the children of *Mrs. Robinson*, deceased, and the same gift was accepted and ratified by the parties interested in the gift, the property so given would pass to the donees, as a good *donatio causa mortis*. If the testimony was improperly admitted, or if the requested instructions withheld ought to have been given, or if the instructions given were erroneous, the verdict for the tenants was to be set aside.

Several points argued by the counsel were not noticed in the opinion, as a new trial was ordered on the first objection.

*Ruggles* and *Bulfinch,* for the plaintiff, contended, that the per-

Borneman *v.* Sidlinger.

sons objected to as witnesses, being beneficially interested in the event of the suit, ought to have been excluded. *Williams' Executors,* 506.

The defendants are not the alleged donees, and are bound to pay at least the balance due on the note to some one. An action can only be brought in the name of the administrator, and he is to account for the amount collected to those entitled to it by law. If the alleged donation be made out, still it furnishes no defence in this action.

*Reed,* for the defendants, contended, that the witnesses objected to, were only interested in the subject matter, and not in the event of the suit, and therefore properly admitted.

As the note and mortgage did not belong to the deceased at the time of his death, the administrator cannot himself bring a suit. It must be instituted by those beneficially interested. He cannot maintain a suit against their consent, although they may against his.

The opinion of the Court was drawn up by

WESTON C. J. — This is an action brought to recover land, conveyed in mortgage to the plaintiff's intestate, to secure the payment of a note due from the defendants. It is not pretended that the note has been wholly paid; and the lien created by the mortgage is still in force for the security of the balance. Whether the beneficial interest in the debt and the mortgage, by which it was collaterally secured, remains in the estate, or was passed by the intestate in his lifetime to his daughters as donees, as is alleged by the defendants in their brief statement, the legal remedy, either upon the personal or real security, must be prosecuted in the name of the representative of the estate. Whatever he may recover he would hold in trust, to be legally disposed of as assets, or for the use of the donees, if their right is established. If the defence had been, that the whole debt had been rightfully paid to the donees and this had been proved, a verdict for the defendants might have been sustained; but if they are still liable, and that liability is to be enforced, the remedy is properly prosecuted by the administrator.

The ground upon which the facts in the brief statement were in-

tended to defeat the action, do not appear in that statement, nor in the report of the last trial. When this case was under consideration before, on exceptions from the Common Pleas, the right of the donees was alleged as it now is; and it further appeared, that the defendants offered to prove, that the suit was brought against the will of the donees, and solely for the benefit of the estate.

The note was the principal security. To this the mortgage was collateral and ancillary. If the note had passed to donees, the administrator, the representative of the estate, is merely a nominal party, and has no right to interpose, but for their benefit and at their request. If he thrusts himself in adversely to them and this fact is made to appear, the Court have power to restrain him from prosecuting his suit, as they would the assignor of a chose in action, or his representative, who might bring a suit against the interest or wishes of the assignee. It is in this way only, that the facts relied upon could be brought to bear against the action. It is of no moment to the defendants, whether they are liable for the benefit of the estate or of the donees. It is manifest, that in setting up the facts in the brief statement, they are acting in behalf of the donees. If the interest is found to be in them, and they repudiate the suit, the Court would not suffer it to be prosecuted by a mere nominal party. *Same v. same,* 15 *Maine R.* 429.

This inquiry as to the beneficial interest, which is a mere collateral question, so far as the defendants are concerned, must be raised purely for the benefit of the donees. Hence the Court say in this case, before cited, if " it should be made to appear, that the donees are the real party in interest, the plaintiff will not be permitted to prosecute this suit against their will, and still less for the benefit of the estate." They are alone interested in the facts, alleged in the brief statement. We are therefore of opinion, that they cannot be verified by their testimony. The donees, or their husbands, were not legally admissible as witnesses. And upon this objection, the verdict is set aside and a new trial granted.